SMITH, Circuit Judge,
concurring in part and dissenting in part.
I join in its entirety Judge McKee’s opinion concurring'in part and dissenting in part. I write separately to note a particular concern arising out of Part IV of the majority opinion.
The majority rests its opinion upon a distinction between the facts “authorizing restitution of a specific sum, namely ‘the full amount of each victim’s loss” ’ and the facts “merely giving definite shape to the restitution penalty born out of the conviction.” The majority implicitly holds that under the Supreme Court’s decisions in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), only the facts which authorize a “specific” punishment, and not the facts which give “definite shape” to that punishment, must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt
I suggest that this is a distinction that district courts will find difficult to understand and apply in other circumstances. Consequently, the majority opinion does not satisfy “the need to give intelligible content to the right of jury trial.” See Blakely, 542 U.S. at 305, 124 S.Ct. 2531. As the Supreme Court explained in Blakely, defining a right to a jury trial with intelligible content is a necessary step in protecting the people’s ultimate control over the judiciary, as the Framers of the Sixth Amendment intended. See id. at 305-06, 124 S.Ct. 2531.
Indeed, the Court in Blakely explicitly rejected a similar two-step approach, to setting criminal punishments-first allowing the jury to determine that the defendant’s actions warranted. criminal punishment, and then allowing the court to determine the actual details of the crime-for precisely this reason. See id. at 306-07, 124 S.Ct. 2531 (“The jury could not function as cir-cuitbreaker in the State’s machinery of justice if it were relegated to making a determination that the defendant at some point did something wrong, a mere preliminary to a judicial inquisition into the facts of the crime the State actually seeks to punish.”) (emphasis in original). Accordingly, because our decision today renders the right to a jury trial considerably less intelligible, and consequently undermines the people’s constitutionally-protected right to ultimate control over the judicial branch, I'join Judge McKee and respectfully dissent from Part IV of the majority opinion.